IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MATTHEW WAYNE ROBINSON                                    PLAINTIFF

v.                              Civil No. 6:19-cv-06004

JAIL ADMINISTRATOR SARAH HANEY                           DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendant's Motion to Dismiss.  (ECF No. 28).

## I.  BACKGROUND

In her Motion, Defendant Haney asks the Court to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 41(b) for failure to obey Court Orders and to prosecute this case.

On June 17, 2019, Defendant filed a Motion to Compel seeking Plaintiff's executed medical authorization and other discovery responses.  (ECF No. 20).  In the Motion, Defendant states she first served the request on April 22, 2019.  This request was returned as undeliverable due to Plaintiff's transfer to the ADC.  (*Id.* at 1).  On May 6, 2019, Defendant sent a second request to Plaintiff in the ADC.

On May 15, 2019, Defendant received a letter from Plaintiff stating he objected to answering the interrogatories and to releasing his medical information and would be seeking an attorney.  (ECF No. 20-3).  On May 17, 2019, Defendant sent a third request.  This request informed Plaintiff that Defendant would file a Motion to Compel if Plaintiff failed to respond by

1

June 15, 2019.

On July 9, 2019, the Court entered an Order granting the Motion to Compel.  Plaintiff was directed to provide Defendant with responses to her discovery requests, including a signed medical authorization form, by July 23, 2019.  Plaintiff was advised that his Complaint would be subject to dismissal if he failed to comply with this Order.  (ECF No. 22).

On July 18, 2019, Plaintiff filed a Motion for Extension of Time.[1]  (ECF No. 23).  In his Motion, Plaintiff states he objects to signing a blank waiver for all his medical records, including his mental health records, as doing so would violate his rights under HIPAA.  Plaintiff states that he will be released from custody on August 1, 2019, or shortly thereafter, and he would like time to seek legal advice after he is released.  (*Id.*).  On July 24, 2019, Defendant filed her Response in Opposition to his Motion for Extension.  She asks that Plaintiff's motion be denied and that his case be dismissed.  (ECF No. 24).  On July 25, 2019, Plaintiff filed a Notice of Address change indicating he had been transferred to the Arkansas Department of Correction Varner Unit.  (ECF No. 25).

On August 2, 2019, the Court entered an Order denying Plaintiff's Motion for Extension. The Order directed Plaintiff to provide the requested discovery by August 16, 2019.  Plaintiff was advised that failure to provide this discovery would result in the dismissal of his case, without further notice, for failure to obey Court Orders.  (ECF No. 27).  Plaintiff was also advised that he could not postpone his case indefinitely until he was released from incarceration at some undetermined date in the future.  (*Id.* at 2).

Defendant filed her current Motion on August 20, 2019.  (ECF No. 28).  In her Motion she states that Plaintiff has not produced his past-due discovery, has failed to respond to the Court's

---

[1] Plaintiff labeled this as a Motion to Object [to] Defendants' Request.  It was construed and filed as a Motion for Extension due to his request for time to seek legal representation.

Order, and has failed to prosecute this case.  (ECF No. 28 at 1-2).  She further notes that mail sent to Plaintiff on August 5, 2019, was returned to her on August 13, 2019, stating that Plaintiff had been paroled.  She cites Plaintiff's failure to keep the Court apprised of his current address – in violation of a prior Court Order - as additional grounds for dismissal.[2]  (*Id*. at 2).

Plaintiff filed this case on January 3, 2019, alleging he was denied medical care.  (ECF No. 1).  Based on documentation filed with the Court, he has been refusing to cooperate in the discovery process since May 2019.  (ECF No. 22).

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule

---

[2] In the Order provisionally filing his Complaint, and in the Order granting Plaintiff IFP status, Plaintiff was advised that he must advise the Court of any change of address within 30 days of the transfer or release or his case would be subject to dismissal.  The mail returned to Defendant as undeliverable was postmarked August 12, 2019.  Research by the Court indicates Plaintiff was paroled from Arkansas Community Correction on August 6, 2019, and he was booked into custody with the Grant County Sheriff's Office the same day.  The charge for the new booking was contempt for failure to obey a court order.  (www.justiceexchange.com, last accessed Aug. 21, 2019).

41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.  ANALYSIS

Plaintiff has failed to comply with several Court Orders and stopped prosecuting this case starting in May 2019.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of August 2019.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE